IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT W. TUNSTALL, JR.,

    Petitioner,                    No. CIV S-06-2464 GEB GGH P

    vs.

M. VEAL, Warden, et al.,

    Respondents.            <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, filed a document he characterizes as an amended petition pursuant to 28 U.S.C. § 2254, on January 30, 2007, which supersedes his original putative petition, filed on November 6, 2006. However, in the "amended petition," petitioner challenges conditions of his confinement, rather than challenging the constitutionality of his conviction or sentence. The primary form of relief he is seeking is money damages, a remedy not available via a habeas petition.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

<u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

1

Petitioner states that his due process rights were violated when he received a CDC-115 disciplinary report and was placed in administrative segregation (ad seg) without a mental health evaluation and without procedural safeguards set forth by state regulation. At the time he was a participant in the mental health program and in the correctional clinical case management system (CCCMS). He claims to have been deprived of due process because he was not evaluated within five working days of being placed in ad seg and he became suicidal. He claims to have been subjected to inadequate medical care. Petitioner alleges that his psychiatric disability is not being recognized, referencing the Americans with Disabilities Act (ADA) without making clear how it applies and how it was violated in his case. Petitioner claims that his reasonable modification and accommodation request was not responded to timely. Amended Petition (AP), pp. 5-11, 14-15.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491, 109 S. Ct. At 1925. This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973). See Order, filed on 11/2/05, p. 2.

The United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. Indeed, [the Supreme Court's] decision in Carafas v. LaVallee . . . strongly implied the contrary." Maleng, 490 U.S. at 491, 109 S. Ct. at 1925. In other words, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody'

for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492, 109 S. Ct. at 1926. See, id.

Despite the Supreme Court's pronouncements that one must be in custody for the "conviction" under attack, the Ninth Circuit has held that habeas corpus jurisdiction is appropriate for attacking disciplinary findings as long as an expungement of the disciplinary is "likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.3d 1267, 1269 (9th Cir. 1989). Of course, a sort of speculation must be employed to determine what disciplinaries significantly detract from one's parole eligibility. Nevertheless, the undersigned finds that administrative violations for which no time credits are at issue, cannot stand as a basis for the "in custody" requirement of habeas corpus.

If petitioner wishes to proceed on claims of a violation of his constitutional rights on the basis of having received inadequate medical care, he must proceed by way of a complaint, pursuant to 42 U.S.C. § 1983. In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

3

1 activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900
2 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
3 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
4 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

If petitioner, as plaintiff, wishes to proceed on claims of violations of due process in having been placed in ad seg without certain procedural safeguards, plaintiff is cautioned that due process rights for prisoners are "generally limited to freedom from restraint" imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 483-484, 115 S. Ct. 2293, 2300 (1995).

If petitioner, as plaintiff, wishes to proceed with claims under the ADA, he is informed that Title II of the ADA applies to inmates in state prison. Armstrong v. Wilson, 124

F.3d 1019, 1023 (9th Cir. 1997). In order to state a claim of disability discrimination under Title II of the ADA plaintiff must allege four elements: 1) he is an individual with a disability; 2) he was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) he was either excluded from participation in or denied the benefits of the public entity's services...or was otherwise discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff cannot seek damages or injunctive relief against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002). However, the Eleventh Amendment does not bar an ADA suit against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004). To recover monetary damages under Title II of the ADA plaintiff must establish discrimination on the part of state officials. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). In Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001), the Ninth Circuit determined that the appropriate test for intentional discrimination under the ADA is "deliberate indifference."

The amended petition will be dismissed but petitioner, as plaintiff, will be granted leave to file a civil rights action pursuant to 42 U.S.C. § 1983. If plaintiff chooses to file a complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended filing complete. Local Rule 15-220 requires that an amended pleading be complete in itself without reference to any prior pleading. Petitioner, as plaintiff, will be granted thirty days to file an action pursuant to 42 U.S.C. § 1983. As plaintiff, he must also file an in forma pauperis affidavit or to pay the required $350.00 filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). This case will be re-designated as one brought pursuant to 42 U.S.C. § 1983. Plaintiff's failure to file the complaint and/or the appropriate affidavit or fee timely will result in a recommendation of dismissal of this action.

Accordingly, IT IS ORDERED that:

1. The original petition, filed on November 6, 2006, is superseded by the amended petition, filed on January 30, 2007, and is disregarded;

2. Petitioner's amended petition is dismissed, with leave granted for petitioner, as plaintiff, to file a complaint pursuant to 42 U.S.C. § 1983, within thirty days from the date of this order;

3. Petitioner, as plaintiff, must also submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

4. Plaintiff's failure to comply with any part of this order will result in a recommendation of dismissal of this action;

5. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights action by a prisoner in this district as well as an application to proceed in forma pauperis by a prisoner; and

\\\\\

\\\\\

6. The Clerk of the Court is directed to re-designate this case as one brought pursuant to 42 U.S.C. § 1983.

DATED: 4/6/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tuns2464.nco